MICHELLE R. BERNARD (SBN: 144582)
mbernard@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 230-7769
Facsimile: (619) 696-7124

MARGRET G. PARKE (SBN: 126120)
mparke@grsm.com
JOHN S. NA (SBN: 193969)
jna@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 West Fifth Street, 52nd floor
Los Angeles, CA 90071
Telephone: (213) 576-5030
Facsimile: (213) 680-4470

Attorneys for Plaintiff
HIGHLANDER SPECIALTY INSURANCE COMPANY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HIGHLANDER SPECIALTY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>K7 GROUP, LLC, a limited liability company; KAMALJIT SINGH, an individual; JORAVAR SINGH JUDGE, an individual; FRANKIE ENALINA ALEZSANDRA TEALL, a minor, by and through guardian ad litem Billie Jo Teall; ZIRIAHLYNN KAMAZZALEE BROADUS-BYNUM, a minor, by and through guardian ad litem Billie Joe Teall; CARTER ANTHONY PERALTA, a minor, by and through guardian ad litem, Billie Jo Teall, AND DOES 1 TO 50.<br><br>Defendants. | CASE NO.<br><br>COMPLAINT OF PLAINTIFF HIGHLANDER SPECIALITY INSURANCE COMPANY FOR DECLARATORY RELIEF<br>[28 U.S.C. § 2201] |

Plaintiff HIGHLANDER SPECIALTY INSURANCE COMPANY ("Highlander") by and through undersigned counsel, seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201, against Defendants K7 GROUP, LLC, a limited liability company ("K7 Group"); KAMALJIT SINGH, an individual ("Singh"); JORAVAR SINGH JUDGE ("Judge"), an individual; FRANKIE ENALINA ALEZSANDRA TEALL, a minor, by and through guardian ad litem Billie Jo Teall, ZIRIAHLYNN KAMAZZALEE BROADUS-BYNUM, a minor, by and through guardian ad litem Billie Joe Teall, and CARTER ANTHONY PERALTA, a minor, by and through guardian ad litem, Billie Jo Teall (collectively "Claimant Defendants") (collectively all "Defendants"), for the purpose of determining questions of actual and immediate controversy among the parties relating to available insurance coverage under a commercial auto policy issued by Highlander for certain third-party liability claims asserted by Claimant Defendants against Defendants K7 Group, Singh and Judge.

## NATURE OF THE ACTIONS

1. This is an action for Declaratory Judgment pursuant to Title 28, U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure. Highlander seeks a declaration from this Court that it has no obligation to defend and/or indemnify Defendants K7 Group, Singh and Judge in connection with an underlying wrongful death lawsuit arising from a motor vehicle accident that occurred on or about October 13, 2022 ("Accident") in Stanislaus County, California, involving a tractor/trailer owned by Defendants K7 Group/Singh and driven by Defendant Judge that struck and killed pedestrian Teyarra Rochelle Teall ("Teall").

2. As a result of the Accident, the Claimant Defendants, who are the minor children and successors in interest of the decedent Teall, by and through their guardian ad litem Billie Jo Teall, filed a wrongful death lawsuit on or about August 30, 2023, against Defendants K7 Group, Singh, and Judge, styled *Frankie*

*Enalina Alezsandra Teall, et al. v. Joravar Singh Judge, et al.*, Stanislaus County Superior Court Case No. CV-23-004950, ("Lawsuit"). Attached hereto as Exhibit "**A**" is a true and correct copy of the complaint filed in the Lawsuit.

3. The trial court in the Lawsuit approved the Claimant Defendants' petitions to appoint Billie Jo Teall as their guardian ad litem. Attached hereto as Exhibit "**B**" are true and correct copies of the trial court's September 6, 2023 orders appointing Billie Jo Teall as the Claimant Defendants' guardian ad litem in connection with the Lawsuit.

4. Highlander issued Commercial Auto Policy No. CH01-0000565-01 to named insured K7 Group, LLC for the policy period effective October 11, 2022, to October 11, 2023 with a limit of liability of $1,000,000 per each accident involving a Covered Auto ("Policy"). Attached hereto as Exhibit "**C**" is a true and correct copy of the Policy.

5. Relevant to the Lawsuit, by letter dated December 1, 2023, Highlander informed Defendants K7 Group and Singh that coverage under the Policy's Covered Auto Liability Coverage did not apply to the Accident-related claims asserted by the Claimant Defendants because Judge is an excluded driver under the Policy's Excluded Driver Endorsement. However, Highlander agreed to provide a courtesy defense to Defendants K7 Group and Singh in connection with the Lawsuit pursuant to a reservation of rights under the Policy's MCS-90 Endorsement.

6. Thereafter, based on Highlander's ongoing investigation regarding the facts and circumstances of the Accident, Highlander issued updated coverage position letters regarding the Lawsuit wherein Highlander informed Defendants K7 Group and Singh that the Policy's MCS-90 Endorsement does not apply because the truck owned by K7 Group that was involved in the Accident was engaged in intrastate commerce only, and thus the requirements of the MCS-90 Endorsement are not satisfied in the first instance. However, Highlander agreed to continue to

provide a courtesy defense to Defendants K7 Group and Singh in connection with the Lawsuit pursuant to a reservation of rights under the Policy's MCS-90 Endorsement.

7. An actual controversy currently exists among the parties regarding Highlander's duties under the Policy, including its duty to defend and indemnify Defendants K7 Group, Singh, and Judge in the Lawsuit, as well as the respective rights and obligations of the parties pursuant to the terms of the Policy, including the MCS-90 Endorsement. Accordingly, in this action, Highlander seeks the following declarations from this Court:

- Highlander has no obligation to defend and/or indemnify Defendants K7 Group, Singh, and Judge under the Policy's Motor Carrier Coverage Form (ISO Form CA 00 20 10 13) for the third-party liability claims asserted by the Claimant Defendants because the Accident that is the subject of the Lawsuit involved the alleged negligent operation of a truck owned by K7 Group by an excluded driver (Judge) identified in the Policy's endorsement entitled "California – Exclusion of Named Driver And Partial Rejection Of Coverage" (Form CBI CE 01 22)("Excluded Driver Endorsement");

- Highlander has no obligation under the Policy's MCS-90 Endorsement to pay any judgment against Defendants K7 Group, Singh and/or Judge in connection with the Lawsuit because the truck owned by K7 Group that was involved in the Accident was engaged in intrastate commerce only and thus the requirements of the MCS-90 Endorsement are not satisfied in the first instance; and

- Highlander is entitled to reimbursement from Defendants K7 Group and Singh for all attorneys' fees and costs incurred to date in the defense of the Lawsuit because the Policy's Motor Carrier Coverage Form (ISO Form CA 00 20 10 13) does not afford coverage for the

Lawsuit and the requirements of the Policy's MCS-90 Endorsement to establish a potential surety obligation on behalf of Highlander for any judgment rendered in the Lawsuit are not satisfied.

## THE PARTIES

8. Plaintiff Highlander is a nonadmitted, surplus lines insurer incorporated under the laws of the state of Texas with its principal place of business in the city of Dallas, Texas, and therefore, is a citizen of the State of Texas. Attached hereto as Exhibit "**D**" is a true and correct copy of a printout from AM Best Information Services.

9. Defendant K7 Group was at all times relevant herein, a limited liability company organized under the laws of the State of California with its principal place of business in the city of Riverbank, California. Highlander is informed and believes, and thereon alleges, Defendant K7 Group's sole member is Kamaljit Singh, an individual who resides in the State of California. Accordingly, for purposes of diversity jurisdiction, Defendant K7 Group is a citizen of the State of California. Attached hereto as Exhibit "**E**" is a true and correct copy of Defendant K7 Group's Articles of Organization.

10. Highlander is informed and believes, and thereon alleges, Defendant Singh, was at all times relevant herein, an individual who resides in the State of California. Accordingly, for purposes of diversity jurisdiction, Defendant Singh is a citizen of the State of California.

11. Highlander is informed and believes, and thereon alleges, Defendant Judge, was at all times relevant herein, an individual who resides in the State of California. Accordingly, for purposes of diversity jurisdiction, Defendant Judge is a citizen of the State of California.

12. Highlander is informed and believes, and thereon alleges, Defendant Frankie Enalina Alezsandra, a minor, was at all times relevant herein, an individual residing in the State of California. Accordingly, for purposes of diversity

1 jurisdiction, Defendant Frankie Enalina Alezsandra is a citizen of the State of
2 California.

3     13. Highlander is informed and believes, and thereon alleges, Defendant
4 Ziriahlynn Kamazzalee Broadus-Bynum, a minor, was at all times relevant herein,
5 an individual residing in the State of California. Accordingly, for purposes of
6 diversity jurisdiction, Defendant Ziriahlynn Kamazzalee Broadus-Bynum is a
7 citizen of the State of California.

8     14. Highlander is informed and believes, and thereon alleges, Defendant
9 Carter Anthony Peralta, a minor, was at all times relevant herein, an individual
10 residing in the State of California. Accordingly, for purposes of diversity
11 jurisdiction, Defendant Carter Anthony Peralta is a citizen of the State of
12 California.

13     15. Pursuant to Federal Rules of Civil Procedure 17(c)(1), Highlander
14 names in this action minor Defendants Frankie Enalina Alezsandra, Ziriahlynn
15 Kamazzalee Broadus-Bynum, and Carter Anthony Peralta, by and through their
16 guardian ad litem, Billie Jo Teall who was appointed in the Lawsuit (*see* Exhibit
17 "**B**").

## JURISDICTION

19     16. The jurisdiction of this Court is premised upon 28 U.S.C. § 1332 as
20 there is complete diversity of citizenship between Highlander and all of the
21 Defendants in this action. Further, the amount in controversy exceeds the sum of
22 $75,000 (exclusive of interests and costs) based on the attorneys' fees and other
23 costs incurred by Highlander in defending Defendants K7 Group and Singh in
24 connection with the Lawsuit, the disputed indemnity coverage benefits ($1 million
25 per accident), which the Claimant Defendants contend are owed under the Policy
26 for any potential judgment in the Lawsuit and the alleged compensatory damages
27 sought by the Claimant Defendants against Defendants K7 Group, Singh and Judge
28 arising from the alleged wrongful death of decedent Teall.

*Gordon Rees Scully Mansukhani, LLP*
*101 W. Broadway, Suite 2000*
*San Diego, CA 92101*

17. This Court has authority to declare the rights and obligations of the parties under the terms and provisions of the Policy, as provided by 28 U.S.C. § 2201(a) and Rule 57 of the Federal Rules of Civil Procedure.

## VENUE

18. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391 because the Accident giving rise to the Lawsuit occurred in the County of Stanislaus which is within this judicial district. Further, Defendant K7 Group has its principal place of business in the city of Riverbank, County of Stanislaus, which is also within this judicial district. Finally, Highlander is informed and believes, and thereon alleges that the remaining Defendants all reside within the County of Stanislaus or the County of Stockton, which are within this judicial district.

## HIGHLANDER'S POLICY

19. Highlander issued the Policy to named insured Defendant K7 Group for the policy period effective October 11, 2022 to October 11, 2023. (See Exhibit "**C**"). Subject to its terms, conditions and exclusions, the Policy's Motor Carrier Coverage Form (ISO Form CA 00 20 10 13) provides covered autos liability coverage for bodily injury and property damage claims arising from accidents involving scheduled vehicles owned by Defendant K7 Group and operated with Defendant K7 Group's consent as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

We will also pay all sums an "insured" legally must pay as a "covered pollution cost or expense" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of covered "autos". However, we will only pay for the "covered pollution cost or expense" if there is either "bodily injury" or

> "property damage" to which this insurance applies that is caused by the same "accident".
>
> We will have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply.
>
> We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability by payment of judgments or settlements.

(*See*, Motor Carrier Coverage Form [part of Exhibit "**C**"], pp. 2-3 of 15.)

20. The 2016 Freightliner Cascadia tractor bearing California license plate XP29984 and VIN 3AKJGLD55GSGZ3440 ("Vehicle") involved in the Accident is listed as vehicle no. 3 in the Policy's Schedule of Covered Autos.

21. Both Defendants K7 Group and Singh qualify for "insured" status under the Policy as concerns this coverage dispute arising from the Accident and the Lawsuit.

22. Coverage under the Policy is modified by the Excluded Driver Endorsement (Form CBI CE 01 22) that identifies Defendant Judge in the Schedule as an Excluded Driver. The Excluded Driver Endorsement also provides in pertinent part as follows:

> You agree that none of the insurance coverages afforded by this policy shall apply while the excluded driver listed in the Schedule is operating a covered "auto" or any other motor vehicle.
>
> You further agree that this endorsement will also serve as a rejection of uninsured / underinsured motorists coverage and personal injury protection coverage while a covered "auto" or any other motor vehicle is operated by the excluded driver.

Defendant Singh acknowledged the Excluded Driver Endorsement and electronically signed the endorsement with an effective date of 10/11/2022, which is included as part of the Policy.

23. The Policy also includes a "Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980" Endorsement (Form MCS-90) ("MCS-90 Endorsement"). The MCS-90 Endorsement provides in pertinent part that "[Highlander] agrees to pay, within the limits of liability described herein, any final judgment recovered against [Defendant K7 Group] for public liability resulting from negligence in the operation, maintenance or use of motor vehicles. . ." The MCS-90 Endorsement, consistent with the terms of the Motor Carrier Act of 1980 (49 C.F.R. § 387.3), applies to "for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce."

24. Further, the MCS-90 Endorsement provides a stated limit of liability of $750,000, which is described as follows in the Schedule of Limits – Public Liability:

| Type of Carriage | Commodity transported | |
|---|---|---|
| (1) For hire (in *interstate or foreign commerce*, with a gross vehicle weight rating of 10,001 or more pounds).(*emphasis added*) | Property (nonhazardous) | $750,000 |

25. Highlander is informed and believes, and based thereon alleges, the Vehicle was transporting cargo shipped from Napa, California, and destined for delivery to Ceres, California when the Accident occurred. Attached hereto as Exhibit "**F**" is a true and correct copy of the Bill of Lading for the Vehicle on the date of the Accident. Accordingly, Highlander is informed and believes, and based thereon, alleges that on the date of the Accident, the Vehicle driven by Defendant Judge was engaged in transporting cargo within the State of California, and therefore, was involved in *intrastate* and not interstate commerce as required for application of the Policy's MCS-90 Endorsement.

## THE UNDERLYING ACCIDENT

26. On October 13, 2023, Defendant Judge was operating the Vehicle in the course of transporting cargo from Napa, California to Ceres, California for Defendants K7 Group and Singh.

27. At approximately 7:00 P.M., after dropping off its cargo, the Vehicle operated by Defendant Judge was traveling westbound on Keyes Road at approximately 45 miles per hour, when it struck a pedestrian in the road, Teall. According to the police report, Teall was walking in the road and was under the influence of a controlled substance when the Accident occurred.

28. Defendant Judge felt the impact of the collision from inside the cab of the tractor and pulled the Vehicle over to the side of the road. A passing motorist advised him the Vehicle ran over a pedestrian.

29. Defendant Judge called 911 and waited in the cab of the tractor of the Vehicle for the authorities and paramedics to arrive. Teall was pronounced deceased on the scene. Judge was not cited by the local authorities in connection with the Accident.

## THE UNDERLYING LAWSUIT

30. On or about October 14, 2022, notice of the Accident was provided to Highlander by way of an Acord Automobile Loss Notice form.

31. In response, Highlander issued Reservation of Rights letters dated October 18 and October 22, 2022 to Defendants K7 Group and Singh regarding the Accident and exercised its discretionary right to appoint defense counsel to protect the interests of Defendants K7 Group and Singh.

32. On August 30, 2023, the Claimant Defendants filed the Lawsuit against Defendants K7 Group, Singh, and Judge. In response to notice of the Lawsuit, Highlander issued supplemental coverage position letters dated December 1, 2023 and September 6, 2024, wherein Highlander reiterated its position that the Excluded Driver Endorsement barred coverage for the Lawsuit under the Policy's

Motor Carrier Coverage Form (ISO Form CA 00 20 10 13), and further advised that the Policy's MCS-90 Endorsement was not applicable to the Lawsuit as the Vehicle owned by Defendant K7 Group and operated by Judge was not engaged in interstate commerce at the time of the Accident. Notwithstanding the significant coverage issues presented by the Accident and the Lawsuit, Highlander advised Defendants K7 Group and Singh that the company would continue to provide them with a courtesy defense in the Lawsuit subject to a reservation of rights under the Policy, including the right to seek reimbursement from K7 Group and Singh for attorney's fees, costs and expenses incurred by Highlander in connection with any non-covered claims.

## COUNT ONE
## DECLARATORY RELIEF – NO DUTY TO DEFEND OR IDEMNIFY BASED ON THE POLICY'S EXCLUDED DRIVER ENDORSEMENT

33. Highlander adopts and incorporates by reference the allegations set forth in paragraphs 1-32 above as though completely and fully set forth herein.

34. There is an actual, present, and existing controversy among the parties to this action regarding whether the Policy affords defense or indemnity coverage for the Lawsuit.

35. Highlander seeks a judicial determination declaring that it does not have a duty to defend or indemnify Defendants K7 Group, Singh, and Judge under the Policy in the Lawsuit due to the operation of the Excluded Driver Endorsement, which specifically identifies Defendant Judge as an excluded driver and further provides that none of the insurance coverages afforded by the Policy shall apply while the excluded driver (i.e., Defendant Judge) is operating a covered "auto" or any other motor vehicle. Given that Judge was operating the Vehicle that caused the Accident and killed Teall, the Policy's Excluded Driver Endorsement bars coverage for the Lawsuit.

36. Highlander therefore seeks a judicial determination that it has no duty to defend or indemnify Defendants K7 Group, Singh, and Judge in connection with the Lawsuit under the Policy's Motor Carrier Coverage Form (ISO Form CA 00 20 10 13).

## COUNT TWO
## DECLARATORY RELIEF – NO SURETY OBLIGATION OWED UNDER THE POLICY'S MCS-90 ENDORSEMENT

37. Highlander adopts and incorporates by reference the allegations set forth in paragraphs 1-36 above as though completely and fully set forth herein.

38. There is an actual, present, and existing controversy among the parties to this action regarding whether the Policy affords coverage for the damages sought in the Lawsuit.

39. Relevant to the Policy's MCS-90 Endorsement, Highlander seeks a judicial determination declaring that it does not owe any surety obligation on behalf of Defendants K7 Group, Singh, and Judge for any judgment rendered in the Lawsuit because the MCS-90 Endorsement does not apply to claims arising from trucking accidents while the insureds are engaged in intrastate commerce. The MCS-90 Endorsement, consistent with the terms of the Motor Carrier Act of 1980 (49 C.F.R. § 387.3), applies to "for-hire motor carriers operating motor vehicles transporting property in interstate or foreign commerce." Further, the MCS-90 Endorsement provides a stated limit of liability of $750,000 while the insureds are engaged in "interstate or foreign commerce, with a gross vehicle weight rating of 10,001 or more pounds" and transporting nonhazardous property.

40. Highlander is informed and believes, and based thereon, alleges that on the date of the Accident, the Vehicle being driven by Defendant Judge was engaged in transporting cargo shipped from Napa, California and destined for delivery to Ceres, California, and therefore, was involved in *intrastate* – not

interstate – commerce given that the Vehicle was transporting cargo solely within California.

41. Highlander therefore seeks a judicial determination that the requirements for any potential surety obligation owed under the MCS-90 Endorsement for a judgment in the Lawsuit are not satisfied in first instance because the Vehicle owned by K7 Group and operated by Judge was not involved in the transportation of property in connection with interstate commerce when the Accident occurred.

**COUNT THREE**
**DECLARATORY RELIEF – REIMBURSEMENT OF ATTORNEYS' FEES AND COSTS**

42. Highlander adopts and incorporates by reference the allegations set forth in paragraphs 1-41 above as though completely and fully set forth herein.

43. There is an actual, present, and existing controversy among the parties to this action regarding whether the Policy affords defense or indemnity coverage for the Lawsuit.

44. Despite the coverage defenses available to Highlander as described above, Highlander exercised its discretionary right to provide a courtesy defense to Defendants K7 Group and Singh in connection with the Lawsuit subject to a reservation of its rights under the Policy, including the right to seek reimbursement of all attorneys' fees and costs incurred in providing the courtesy defense.

45. In addition to seeking a judicial determination declaring that it does not have a duty to defend or indemnify Defendants K7 Group, Singh and Judge for the claims alleged in the Lawsuit, Highlander seeks a judicial declaration that it is entitled to obtain reimbursement from Defendants K7 Group and Singh for all attorneys' fees and costs incurred in their defense in the Lawsuit.

WHEREFORE, Highlander prays that this Honorable Court enter judgment declaring that:

(a) Highlander has no duty to defend or indemnify Defendants K7 Group, Singh, and Judge in connection with the Lawsuit due to the applicability of the Excluded Driver Endorsement, which modifies coverage afforded under the Policy's Motor Carrier Coverage Form (ISO Form CA 00 20 10 13);

(b) Relevant to the Policy's MCS-90 Endorsement, Highlander owes no surety obligation for any judgment in connection with the Lawsuit as Defendant K7 Group and the Vehicle operated by Judge were engaged in intrastate commerce at the time of the Accident, which is outside the ambit of the MCS-90 Endorsement;

(c) Upon a declaration by the Court of no duty to defend under the Policy, Highlander has the right to withdraw from the courtesy defense it has been providing to Defendants K7 Group and Singh in the Lawsuit;

(d) Highlander is entitled to reimbursement and restitution from Defendants K7 Group and Singh as to attorneys' fees and costs incurred by Highlander in its defense of the Lawsuit; and

(e) Highlander is entitled to any further relief the Court deems just and proper.

Dated: January 7, 2025          GORDON REES SCULLY MANSUKHANI, LLP

By: _____
Michelle R. Bernard  (SBN: 144582)
Margret G. Parke (SBN: 126120)
John S. Na (SBN: 193969)
Attorneys for Plaintiff
HIGHLANDER SPECIALITY INSURANCE COMPANY